**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

JAMES W. MILLER
ADC# 105303                                                                                    PLAINTIFF

v.                                    5:11-cv-00192-DPM-JJV

SUSAN POTTS, Administrator, Drew
County Jail; and VICKIE HANNEY,
Jailer, Drew County Jail                                                                  DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D. P.

Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a new hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted)

was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court<br>
Eastern District of Arkansas<br>
600 West Capitol Avenue, Suite A149<br>
Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff, James Miller, a pretrial detainee in the Drew County Jail, filed a *pro se* Complaint (Doc. No. 2) pursuant to 42 U.S.C. § 1983, alleging the Defendants violated his constitutional rights. After careful review of Mr. Miller's Complaint, the Court finds that his Complaint should be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

## I.    SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  In reviewing a *pro se* complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. *Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972). The court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *See id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id.* at 557.

## II.    ANALYSIS

Mr. Miller has sued Drew County Jail Administrator Susan Potts and Jailer Vickie Hanney for failing to provide a second mattress and denying him underwear. He believes Defendants are retaliating against him because of a lawsuit he filed in 2005.

Mr. Miller sued Defendants in only their official capacities. (Doc. No. 2 at 2.) Defendants are employees of Drew County and a suit against them in their official capacity is, in actuality, a suit against the county. *See Hafer v. Melo*, 502 U.S. 21 (1991); *Rynders v. Williams*, 650 F.3d 1188, 1195-96 (8th Cir. 2011); *Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010). "A county is liable under § 1983 if an action or policy itself violated federal law, or if the action or policy was lawful on its face but led an employee to violate a plaintiff's rights and was taken with deliberate indifference as to its known or obvious consequences." *Butler v. Fletcher*, 465 F.3d 340, 342 (8th Cir. 2006) (quoting *Pietrafeso v. Lawrence Cnty.*, 452 F.3d 978, 982 (8th Cir. 2006)).

3

Based on the facts alleged in his Complaint, Mr. Miller fails make an official capacity claim.

## III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's Complaint (Doc. No. 2) should be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.    Dismissal of Plaintiff's Complaint constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).

3.    The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 9th day of December, 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE